IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-0407-CNS-SP

THE RIDGE WALLET, LLC,

    Plaintiff,

v.

2985, LLC D/B/A MOUNTAIN VOYAGE COMPANY, LLC,

    Defendant.

## ORDER ON CLAIM CONSTRUCTION

Before the Court is the Joint Motion for Determination filed by Plaintiff The Ridge Wallet, LLC (Ridge) and Defendant 2985, LLC d/b/a Mountain Voyage Company, LLC (Mountain Voyage). ECF No. 47. Ridge is asserting that Mountain Voyage infringed Ridge's patent for a compact wallet, U.S. Patent No. 10,791,808 (the '808 patent), bringing an action under 35 U.S.C. § 271. Both parties filed claim construction briefs asking the Court to construe four terms found in the '808 patent. ECF Nos. 42; 44; 46.[1] Upon review of the parties' Joint Disputed Claim Terms Chart, ECF No. 41, the parties' respective briefings, ECF Nos. 1; 17; 36; 37; 42; 44; 46, and the parties' arguments during the April 2, 2024 claim construction hearing, the Court construes the three disputed terms as follows.

---

[1] The parties have since reached agreement as to the construction of one term.

1

## I.  BACKGROUND

On February 1, 2017, Ridge founder Daniel Kane filed a patent application for a "compact wallet," which would eventually become the '808 patent. ECF No. 44 at 3. The application contained three independent claims and 24 total claims. *Id.* at 1. On September 19, 2018, the USPTO rejected the patent on prior-art grounds. *Id.* In Ridge's response to the 2018 rejection, and pertinent here, Ridge amended then-pending independent claims 1 and 14 to include additional language, which includes the disputed claim terms. *Id.* at 3. The amended claim 1 recites:

> An auxiliary feature removably attached to at least one of the at least two rigid plates, the auxiliary feature having a tang insertable into a **recess** formed inside the at least two rigid plates, the tang having a **hook**, the **hook** extending at an angle to the tang, the **hook** engaging an **undercut** of the **recess** to prevent inadvertent dislodgement of the auxiliary feature from the **recess**.

ECF No. 44-2 at 13. (emphasis added). The additional language in claim 14 reads:

> a **recess** formed inside at least one of the at least two rigid plates, the **recess** operable to receive a tang of an auxiliary feature, the **recess** having an **undercut** operable to engage a **hook** of the tang to prevent inadvertent dislodgement of the auxiliary feature from the **recess** when the auxiliary feature is removably positioned in at least one of the at least two rigid plates, the **hook** extending at an angle to the tang.

*Id*. (emphasis added).

Mountain Voyage alleges that these amendments were intentionally made to assign meanings different from their plain and ordinary meanings. ECF No. 42 at 7. Ridge disputes these allegations, asserting that the amendments merely added descriptions and

2

identified structures in the application to avoid the prior-art reasons given for the previous rejection of the patent. ECF No. 44 at 18. Ridge alleges that the amendment did not disavow part of the claim scope or amount to a special definition because it did not describe the specific shape of the hook, recess, or undercut, and there was no argument for, or indication of, an intent to limit the scope or create a special definition. *Id.* The USPTO allowed the '808 patent on August 31, 2020, stating as the reason for allowance that "[t]his disclosure does not have the limitation of the recess having an undercut operable to engage a hook of the tang." ECF No. 44 at 5. The '808 patent issued on October 6, 2020. ECF No. 44-2.

The '808 patent's claims have previously been construed by the United States District Court for the Central District of California (CDCAL)[2] and United States International Trade Commission (ITC).[3] ECF No. 44-4, 44-5. Both the CDCAL and ITC construed "undercut" and "hook" to have their plain and ordinary meaning. *Id.* In the CDCAL action, Mosaic asserted patent infringement claims against Ridge based on the '808 patent. ECF No. 44-5. During the claim construction process, Mosaic argued that the court should construe the terms to have their plain and ordinary meaning, while Ridge proposed a more specific definition.[4] *Id.*

---

[2] *Mosaic Brands, Inc. v. The Ridge Wallet LLC*, Case No. 2:20-cv-04556AB, 2021 WL 4535678 (C.D. Cal. Feb. 25, 2021), *aff'd*, 55 F.4th 1354 (Fed. Cir. 2022). The parties abbreviated the Central District of California as CDCAL, so the Court follows their usage.
[3] In the Matter of Certain Compact Wallets and Components Thereof, Inv. No. 337-TA-1355, USITC Order No. 14: Construing Certain Claim Terms (Aug. 21, 2023).
[4] Ridge's definition of "hook" in the CDCAL claim construction proceedings was "a portion of the tang of the auxiliary feature that extends at an angle from the tang and engages an undercut to prevent dislodgement of the auxiliary feature from the recess." Ridge's definition of "undercut" was "a portion of the recess in the

In the ITC proceedings between Ridge and several respondents, the ITC adopted the parties' positions that "undercut" and "hook" have their plain and ordinary meanings. ECF No. 44-4. The other disputes in that action involved indefiniteness arguments, which are not relevant here. *Id.*

In this action, Ridge is asserting infringement of claims 1, 6–7, 12–14, and 18–21 (asserted claims) of the '808 patent. ECF No. 1. The parties submitted a Joint Disputed Claim Terms Chart, ECF No. 41, that included four claim terms to be construed for asserted claims 1, 6, 7, 12, 13, 14, 18, 19, 20, and 21 of the '808 patent. The parties thereafter agreed to the construction of the fourth term, "channeling means," before the claim construction hearing. The following three terms arising from the '808 patent remain in dispute:

| Claim Terms | Asserted Claims |
| --- | --- |
| "recess" | Claims 1, 14, 19 |
| "hook" | Claims 1, 14, 19, 20 |
| "undercut" | Claims 1, 14, 19, 20 |

## II.  LEGAL STANDARD

The purpose of claim construction is to determine the meaning and "scope of an invention" in order to define the patent owner's rights. *Markman v. Westview Instruments,*

---

material making up one of the rigid plates that engages with a part of an auxiliary feature to prevent inadvertent dislodgement of the auxiliary feature from the recess."

4

*Inc.*, 517 U.S. 370, 374 (1996). Claim construction "is exclusively within the province of the court." *Id.* at 384 ("The two elements of a simple patent case [include] construing the patent and determining whether infringement occurred . . . The first is a question of law, to be determined by the court . . . [and] [t]he second is a question of fact, to be submitted to a jury." (footnote and internal quotation marks omitted)). "In construing patent claims, courts are guided by the precedent of the Federal Circuit" because the Federal Circuit has exclusive jurisdiction over appeals from district courts relating to patents. *Frac Shack Inc. v. Fuel Automation Station, LLC*, 300 F. Supp. 3d 1333, 1338 (D. Colo. 2018) (*citing SunTiger, Inc. v. Sci. Rsch. Funding Grp.*, 189 F.3d 1327, 1333 (Fed. Cir. 1999)); 28 U.S.C.A. § 1295.

   Generally, claim terms are given their "ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc). The language of the claims "must be read in view of the specification, of which they are a part." *Id.* at 1316 (*quoting Markman*, 52 F.3d at 979). Section 112 of the Patent Act, 35 U.S.C § 112, states that the specification "shall contain a written description of the invention . . . in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same." Usually, the specification "is dispositive; it is the single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). "Although the specification may aid the court in interpreting the meaning of disputed claim language, particular

embodiments and examples appearing in the specification will not generally be read in the claims." *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998).

Often, the ordinary meaning of claim language is readily apparent, and "claim construction in such cases involves little more than the application of the widely accepted meaning of commonly used words." *Phillips*, 415 F.3d at 1314. A court need not construe a term beyond its plain and ordinary meaning if the term is a "straightforward term," "used in common parlance" without any "special meaning in the art" whose plain and ordinary meaning is clear. *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015). Courts determine the "plain and ordinary meaning" of a patent term by what a person of ordinary skill in the art at the time of the invention would understand the term to mean. *Stryker Corp. v. Zimmer, Inc.*, 837 F.3d 1268, 1272 (Fed. Cir. 2016) (citing *Phillips*, 415 F.3d at 1313). However, if a term has more than one ordinary meaning or if using the ordinary meaning does not resolve the parties' dispute as to the scope of the claim term, relying on the plain and ordinary meaning may be inadequate. *O$_2$ Micro Int'l ltd. V. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) (holding that the district court's failure to construe the claim term "only if" was error because there was still dispute as to the scope of this term: whether "only if" allows for exceptions).

If the ordinary meaning of claim terms is not readily apparent, the Court may look "to those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean." *Phillips*, 415 F.3d at 1314 (citation

and internal quotation marks omitted). Among those sources are (1) the words of the claims themselves; (2) the remainder of the patent's specification; (3) the prosecution history of the patent; (4) extrinsic evidence concerning relevant scientific principles; (5) the common meanings of technical terms used; and (6) the state of the art at the time of the invention. *Id.*

Courts first look to intrinsic evidence—the patent claims, patent specification, and prosecution history—before considering extrinsic evidence. *Phillips*, 415 F.3d at 1317. Terms must be construed in light of the entirety of the patent, not just in the context of the particular claim(s) in which they appear. *See Trustees of Columbia Univ. in City of NY v. Symantec Corp.*, 811 F.3d 1359, 1362 (Fed. Cir. 2016); *Phillips*, 415 F.3d at 1313. Because the patent is examined as a whole, the Court assumes that claim terms will normally be used consistently throughout the patent, so the meaning of a term used in one claim can illustrate the meaning of that same term used elsewhere in the patent. *See Phillips*, 415 F.3d at 1314. Extrinsic evidence of disputed terms, including expert and inventor testimony, dictionaries, and learned treatises, in general is "less reliable than the patent and prosecution history in determining how to read claim terms." *Id.* at 1317–18 (citation and internal quotation marks omitted). Dictionaries, for example, exist outside the context of the patent and can transform the inquiry outside of that of the ordinary artisan's understanding and into the meaning of the term in the abstract. *Id.* at 1321.

Consistent with Supreme Court and Federal Circuit precedent, courts "indulge a heavy presumption that a claim term carries its ordinary and customary meaning." *CCS*

7

*Fitness, Inc. v. Brunswick Corp.*, 288 F. 3d 1359, 1366 (Fed. Cir. 2002) (citation and internal quotation marks omitted). Exceptions to this rule apply when (1) "a patentee sets out a definition and acts as his own lexicographer" or (2) "the patentee disavows the full scope of a claim term either in the specification or during prosecution." *Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). With respect to the first exception, if an inventor invokes a particular definition of a term in the specification, or uses a term in a manner that differs from the term's ordinary usage, "the inventor's lexicography governs." *Phillips,* 415 F.3d at 1316; *see also Laryngeal Mask Co. v. Ambu*, 618 F.3d 1367 (Fed. Cir. 2010). Where the inventor does not clearly indicate an intent to redefine a term, however, the Court will give those words their plain and ordinary meaning. *See id.*

For the second exception to apply, the prosecution history or specification must indicate that the inventor intended to limit or disclaim some portion of a claim through "a clear disavowal of claim scope," meaning that the applicant's statements are not amenable to another reasonable interpretation. *Thorner*, 669 F.3d at 1366 (internal quotations and citations omitted); *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013). The disavowal does not have to be express as long as the limitation is clear. *See Trs. of Columbia Univ. in the City of N.Y. v. Symantec Corp.*, 811 F.3d 1359, 1364 (Fed. Cir. 2016). Generally, because the prosecution history is the product of negotiation and predates the final patent language, the prosecution history

"often lacks the clarity of the specification and thus is less useful for claim construction purposes." *Phillips*, 415 F.3d at 1317.

### III. ANALYSIS

Given the above backdrop, the Court construes the disputed claims terms as follows.

#### A. "Recess"

| Claims | Ridge's Proposed Constructions | Mountain Voyage's Proposed Constructions | Court's Construction |
|---|---|---|---|
| Claims 1, 14, 19 | Plain and ordinary meaning | "A groove with a sidewall that is adjacent to the longitudinally extending groove."<br><br>**Intrinsic Evidence:**<br>'808 Patent col. 5, lns. 22-31; and FIG. 13 along with the associated text.<br><br>**Extrinsic Evidence:**<br>McGraw-Hill Dictionary of Scientific & Technical Terms, 6th Edition (defining "recess" as "a surface groove or depression").<br><br>Handbook of Mechanical Engineering Terms by K.K. Ramalinga (defining "recess" as "a groove cut below the normal surface of a workpiece"). | Plain and ordinary meaning |

The term "recess" appears in independent claims 1, 14, and 19 of the '808 patent. Ridge asserts that the plain and ordinary meaning of the term "recess" is the correct

construction because Mountain Voyage did not demonstrate that a deviation from the plain and ordinary meaning was required. Mountain Voyage asserts that the plain and ordinary meaning is insufficient.

As discussed above, there is a heavy presumption for claim terms to have their plain and ordinary meaning, absent two exceptions: when the inventor used their own lexicography, and when the specification or patent prosecution history disavowed part of the claim scope. Construing terms to have their plain and ordinary meaning may also be insufficient if that meaning is ambiguous or otherwise does not resolve the parties' dispute. The Court finds that none of these circumstances exist here, so the plain and ordinary meaning of "recess" is the appropriate construction.

Mountain Voyage first alleges that Ridge disavowed the full scope of the claim in the specification of the '808 patent through references to the "present invention," arguing that this language limits the scope of the patent. However, the Federal Circuit has cautioned against importing limitations from the specification into the claims. *See, e.g., Phillips,* 415 F.3d at 1323*; Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1302 (Fed. Cir. 2007); *Texas Instruments, Inc. v. U.S. Int'l Trade Comm'n*, 805 F.2d 1558, 1563 (Fed. Cir. 1986) ("This court has cautioned against limiting the claimed invention to preferred embodiments or specific examples in the specification."). To constitute such a limitation, the specification must include "a clear disavowal of claim scope." Here, the Court finds that the language upon which Mountain Voyage relies is not a sufficiently clear disavowal of claim scope to constitute a limitation.

Mountain Voyage also alleges that the additional language in the 2018 amendment to the patent application indicates that Ridge intended for the claim terms to have meanings other than their plain and ordinary meanings. The Court disagrees, finding that these amendments merely added descriptions to avoid prior-art issues and were not a disavowal of claim scope or a lexicographer's definition. The amendments did not indicate any intent to redefine the terms or disavow the scope of the claim terms, nor did Ridge argue at the time that there was a special definition or disavowal of the claim terms. Thus, the Court finds that the 2018 amendment did not change the definition or scope of the claim terms.

Mountain Voyage next argues that construing "recess" to have its plain and ordinary meaning would be insufficient because there is still a dispute as to what that plain and ordinary meaning is. The Court disagrees. The Court does not need to construe a claim term beyond its ordinary meaning if the term is straightforward and the meaning is clear to a person of ordinary skill in the art at the time of the invention. Here, the term "recess" needs no construction. Unlike the term "only if" in $O_2$ *Micro*, the term "recess" is not subject to multiple interpretations that affect the scope of the term. There is no remaining dispute about what the scope of "recess" encompasses in its plain and ordinary meaning.

Finally, Mountain Voyage's proposed definition would add more confusion than clarity. As Ridge pointed out, the definition replaces one word with 17, which are used incongruously to the rest of the patent. For instance, the word "groove" is already used in

other claims to refer to something different than the "groove" in the proposed definition. The definition also adds a new structure, a sidewall, which does not appear elsewhere in the patent, is not described in the specification, and has no clear meaning. The Court declines to adopt such a convoluted definition.

In sum, the Court construes "recess" to have its plain and ordinary meaning.

B. "Hook"

| Claims | Ridge's Proposed Constructions | Mountain Voyage's Proposed Constructions | Court's Construction |
|---|---|---|---|
| Claims 1, 14, 19, 20 | Plain and ordinary meaning<br><br>**Extrinsic Evidence:** Definition of "hook" adopted by the International Trade Commission in *Certain Compact Wallets and Components Thereof*, ITC Inv. No. 337-TA-1355, Order No. 14, Construing Certain Claim Terms, at 7 (Aug. 21, 2023) | "A device that abruptly changes direction from a trunk section to define a ledge for catching or holding."<br><br>**Intrinsic Evidence:** '808 Patent FIG. 12 (*e.g.*, reference numeral 36) along with the associated text.<br><br>**Extrinsic Evidence:** Engineering Network: Engineering Dictionary (defining "hook" as "an abrupt deviation from straightness.") | Plain and ordinary meaning |

The term "hook" appears in independent claims 1, 14, 19, and 20 of the '808 patent. Ridge asserts that the plain and ordinary meaning of "hook" is the correct construction because Mountain Voyage has not demonstrated that a deviation from the plain and ordinary meaning is required. The Court agrees: neither of the two exceptions to the presumption that claim terms have their plain and ordinary meaning apply here.

12

Mountain Voyage asserts that construing "hook" to have its plain and ordinary meaning would be insufficient because that construction offers no guidance to the fact finder. The Court disagrees. The Court does not need to construe a claim term beyond its ordinary meaning if the term is straightforward and the meaning is clear to a person of ordinary skill in the art at the time of the invention. Here, the term "hook" needs no construction, as it is not subject to multiple interpretations that affect the scope of the term.

Additionally, there is value in consistency in claim construction. *See KX Indus., L.P. v. PUR Water Purification Prods., Inc.*, 108 F. Supp. 2d 380, 387 (D. Del. 2000) (noting that issue preclusion cannot be asserted against new defendants, but generally, stare decisis should promote uniformity in the claim construction of a given patent). The term "hook" has already been construed by the CDCAL and the ITC to have its plain and ordinary meaning. While these decisions are not binding and are considered extrinsic evidence, the analyses are useful and courts may defer to them, in their discretion. *See Texas Instruments, Inc. v. Linear Tech. Corp.*, 182 F. Supp. 2d 580, 588 (E.D. Tex. 2002) (cited by *Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1359 (Fed. Cir. 2006)). The Court finds no reason to depart from these constructions.[5]

Finally, Mountain Voyage's proposed definition of "hook" would reduce the clarity

---

[5] Mountain Voyage also asserts that, in the CDCAL proceedings, Ridge argued against construing "hook" to have its plain and ordinary meaning because the plain and ordinary meaning would be too broad. While this is true, it is not relevant to the present proceeding. In the CDCAL case, Ridge was addressing a different proposed definition for a different reason—to avoid infringing the third party's patent—and so Ridge's previous arguments are not on point here.

of the term because it replaces one word with 17 and introduces two new structures, a "trunk section" and an "edge," that have no clear meaning and are not described in the specification. The definition also includes two alternate functions, "catching or holding," which would create confusion as to which function the claim term references. The Court declines to adopt this definition.

Thus, the Court construes "hook" to have its plain and ordinary meaning.

### C. "Undercut"

| Claims | Ridge's Proposed Constructions | Mountain Voyage's Proposed Constructions | Court's Construction |
|---|---|---|---|
| Claims 1, 14, 19, 20 | Plain and ordinary meaning<br><br>**Extrinsic Evidence:** Definition of "hook" adopted by the International Trade Commission in *Certain Compact Wallets and Components Thereof*, ITC Inv. No. 337-TA-1355, Order No. 14, Construing Certain Claim Terms, at 7 (Aug. 21, 2023) | "A portion of the sidewall of the recess that has been cut away"<br><br>**Intrinsic Evidence:** '808 Patent FIG. 13 (*e.g.*, reference numeral 35) along with the associated text. | Plain and ordinary meaning |

The term "undercut" appears in independent claims 1, 14, 19, and 20 of the '808 patent. Ridge asserts that the plain and ordinary meaning of the term "undercut" is the correct construction because Mountain Voyage did not demonstrate that a deviation from the plain and ordinary meaning was required. Mountain Voyage asserts that the plain and ordinary meaning is insufficient.

Mountain Voyage argues that construing "undercut" to have its plain and ordinary

meaning would be insufficient because there are multiple definitions of the term. The Court disagrees. While it is true that there are six definitions for "undercut" in Dictionary.com, Mountain Voyage concedes that "only one is remotely applicable in describing a feature of an apparatus." ECF No. 46 at 18. The Court does not need to construe a claim term beyond its ordinary meaning if the term is straightforward and the meaning is clear to a person of ordinary skill in the art at the time of the invention. Here, the term "undercut" needs no further construction.

Additionally, the term "undercut" has already been construed by the CDCAL and the ITC to have its plain and ordinary meaning. While these decisions are not binding, the Court finds no reason to depart from these constructions, particularly where Mountain Voyage has not demonstrated that either exception to the general rule applies.

Finally, Mountain Voyage's proposed definition of "undercut" introduces new terms and new structures, like "sidewall," that are not described in the specification and would add confusion to the meaning of the terms. The Court declines to adopt this definition.

The Court construes "undercut" to have its plain and ordinary meaning.

### IV.  CONCLUSION

The Court construes the terms "recess," "hook," and "undercut" to have their plain and ordinary meanings.

Dated this 16th day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge