**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00407-CNS-SP

THE RIDGE WALLET LLC,

Plaintiff,

v.

2985, LLC D/B/A MOUNTAIN VOYAGE COMPANY, LLC,

Defendant.

---

**PLAINTIFF, THE RIDGE WALLET LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT, 2985, LLC D/B/A MOUNTAIN VOYAGE COMPANY, LLC'S
MOTION FOR SANCTIONS**

---

**EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Declaration of Sean D. Frank |
| 2 | Mountain Voyage's Confidentiality Designations to the Deposition Testimony of Joseph Reeves, dated February 16, 2024 |
| 3 | Mountain Voyage's Responses and Objections to Ridge's Interrogatory No. 19 |
| 4 | Emails Produced by Mountain Voyage Regarding the Parties' Communications with Amazon |
| 5 | Ridge Submission of TRO to Amazon |
| 6 | Mountain Voyage's Cover Email Regarding Supplemental Designations |
| 7 | Mountain Voyage's Supplemental Confidentiality Designations to the Deposition Testimony, dated July 3, 2024 |

## I.     INTRODUCTION

Plaintiff The Ridge Wallet LLC ("Plaintiff" or "Ridge") hereby responds in opposition to Defendant 2985, LLC d/b/a Mountain Voyage Co., LLC's ("Defendant" or "Mountain Voyage") Motion for Sanctions (Dkt. No. 67) (the "Motion"). Mountain Voyage's positions are based on a misreading of the Court's Protective Order in this case (Dkt. No. 28, the "Protective Order"), and as such do not identify any violations of the Protective Order. Indeed, each of the pieces of information Mountain Voyage contends were disclosed in violation of the Protective Order was known to Ridge prior to the entry of the Protective Order in this case, was knowable from public sources outside of disclosures in this case, and/or were pieces of public information that are specifically not afforded the protections of the Protective Order due to Mountain Voyage's identification of "Confidential" information under the Protective Order. Ridge submits a declaration of its Chief Executive Officer, Sean Frank, herewith to indicate the unsurprising notion that Ridge is aware of public information about its competitors because of its participation in the same industry.

In the best case for Mountain Voyage, a supplemental set of designations it sent to Ridge more than four months after its first set of designations became effective only as of the date of that identification. But in no event is Ridge's reliance on Mountain Voyage's representation that certain information was (and remains) publicly known sanctionable. Even in this scenario, it is evident that Mountain Voyage was either careless with its own confidential information, or it is attempting to misuse and Order of this Court for strategic advantage in this lawsuit.

No violations of the Protective Order have occurred here, and sanctions are not warranted. Mountain Voyage's Motion should be denied.

## II.     FACTUAL BACKGROUND

Ridge filed the above-captioned lawsuit on February 10, 2023, alleging willful infringement of U.S. Patent No. 10,791,808 (the '808 Patent). *See* Dkt. No. 1. On March 27, 2023, the Parties submitted a Joint Motion for a Protective Order. Dkt. No. 21. On March 30, 2023, this Court adopted and entered the Parties' Proposed Protective Order. Dkt. No. 28.

### A. Ridge Elicits Testimony from Mountain Voyage, and Mountain Voyage Designates it Under The Protective Order

On January 4, 2024, Ridge took the deposition of Mountain Voyage's founder and Chief Executive Officer, Mr. Joseph Reeves, in both his capacity as Mountain Voyage's sole corporate representative and as an individual, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 30(b)(1), respectively.

On February 16, 2024, Ridge received the document attached hereto as Exhibit 2, signed by both Mountain Voyage's in-house and outside counsel. In that document, Mountain Voyage, through its counsel, specifically designated certain portions of Mr. Reeves' testimony, and certain exhibits to the deposition transcript, as "Confidential" pursuant to the Protective Order. Ex. 2; *see* Dkt. No. 28 at ¶ 7.

### B. Ridge's Purported Disclosure of Information Addressed in the Motion

Mountain Voyage's Motion for Sanctions stems from two isolated incidents; each involves Ridge's communications with Amazon personnel to address torts Ridge believes Mountain Voyage has committed. In both instances, Ridge's in-house counsel communicated via email with Amazon in-house counsel regarding what Ridge contends are violations of Ridge's intellectual property and/or Amazon's Seller Terms of Service. Ridge had a good faith belief to make each assertion based on information not protected by the Protective Order.

In the first instance, on April 25, 2024, Ridge's in-house counsel advised Amazon's in-house counsel of his belief that Mountain Voyage is actively violating Amazon's Seller Terms and

Conditions. Dkt. No. 67-4. Every statement Ridge made in connection with its April 25, 2024 email to Amazon stems from publicly available information that was: (a) known to Ridge prior to the disclosure of any information produced in the litigation; and/or (b) explicitly not designated as confidential in the February 16, 2024 confidentiality correspondence from Mountain Voyage's in-house and outside counsel.

A chart mapping the information contained in the April 25, 2024 email to at least one public source, as of April 25, 2024, for the underlying information is provided below:

| Information Conveyed in April 25, 2024 Correspondence (Dkt. No. 67-4). | Example Public Source of Conveyed Information |
| --- | --- |
| "They do almost all their business on Amazon…" | Helium 10 Data collected by Ridge. (Ex. 1 at ¶ 3); Ex. 2 (not designated as confidential as of April 25, 2024) at 40-41 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. |
| "Mountain Voyage contends that it has redesigned its products to avoid infringement of the patent Ridge is asserting in litigation." | Ex. 2 (not labeled confidential as of April 25, 2024) at 262-63 ▮▮▮▮▮▮▮▮▮▮▮▮ |
| "We know that Mountain Voyage uses new SKUs (which append the string 'WD' to its older SKUs) to identify those redesigned products…" | Ex. 2 (not labeled confidential as of April 25, 2024) at 128:15-18 ▮▮▮▮▮▮▮ |

| Information Conveyed in April 25, 2024 Correspondence (Dkt. No. 67-4). | Example Public Source of Conveyed Information |
|---|---|
| | ███████████████████████ |
| "It is our understanding that the redesign began in late-2023, and Mountain Voyage tells us that at this point, it is certain that it is only selling the new (redesigned) product through Amazon." | Ex. 2 (not labeled confidential as of April 25, 2024) at 197:9-12 ████████ ████████████████████████ |
| "The redesign removes a feature from the products that secures the money clip in place with the wallet, which creates a substantially inferior product. As a result, the money clip of the new design is much easier to remove (it falls out of the product)…." | Ridge has purchased Mountain Voyage products on Amazon and disassembled, inspected, and tested those products. Ex. 1 at ¶ 4. |
| "Nevertheless, Mountain Voyage did NOT change ASINs and as a result is reaping the benefit of nearly 11,000 reviews, the vast majority of which pertain to the old, infringing, better quality design." | The parent/child ASIN relationship can be viewed by any consumer on Amazon. Ex. 1 at ¶ 8. Mountain Voyage's discovery responses confirm that this is publicly available information: *see* Ex. 3: ████████████████████████ |

Amazon's legal team forwarded Ridge's April 25, 2024 email to Mountain Voyage the same day. Dkt. No. 67-4. Based on additional emails produced by Mountain Voyage to Ridge today (at Ridge's request), Mountain Voyage and Amazon's legal team spoke via teleconference on April

26, 2024.[1]  On April 29, 2024, Amazon's internal legal team responded to Ridge's and Mountain Voyage's counsel noting that Amazon had "now heard from both sides . . ." and that Amazon "decline[d] to take any action against Mountain Voyage at this time." Ex. 4.  Mountain Voyage never raised any concern about confidentiality, nor did it provide supplemental designations, for more than two months after the above-documented exchange.

Ridge's in-house counsel again communicated with Amazon's in-house counsel on June 13, 2024, when Ridge filed a takedown request via Amazon's brand registry platform on the basis of trade dress infringement in violation of a temporary restraining order issued against Mountain Voyage's supplier, X-World. Ex. 5.  Ridge provided a copy of the Temporary Restraining Order to Amazon and stated "Ridge hereby attached a Temporary Restraining Order from the Northern District of Illinois Court that enjoins Mountain Voyage's source of wallets for both patent infringement and trade dress infringement.  The Order pertains to Mountain Voyage specifically as it relates at least to the trade dress infringement finding.  The Order became effective at 7 AM Central time on June 13, 2024 and shall remain in effect for 14 days thereafter." *Id*.

Ridge and Amazon communicated in the following days to discuss Ridge's belief that the Temporary Restraining Order applied to Mountain Voyage's ASINs. *See generally* Dkt. No. 67-2.

| Information Conveyed in June 18, 2024 Correspondence (Dkt. No. 67-2). | Example Public Source of Conveyed Information |
|---|---|
| X-World as Mountain Voyage supplier. | Communicated from X-World to Ridge during conversations regarding a potential supplier relationship between Ridge subsidiaries and X-World in March of 2023 Ex. 1 at ¶¶ 5-6 ; Communicated from Joe Reeves to Sean Frank via telephone |

---

[1] Ridge has had no opportunity to seek discovery into Mountain Voyage's communications with Amazon regarding the April 26, 2024 phone call, as Mountain Voyage first produced this information to Ridge per Ridge's request on July 31, 2024.  Ridge reserves the right to take discovery regarding Mountain Voyage's phone call with Amazon, should it become necessary as a result of Mountain Voyage's contentions in the instant Motion.

| Information Conveyed in June 18, 2024 Correspondence (Dkt. No. 67-2). | Example Public Source of Conveyed Information |
|---|---|
| | conversation prior to Protective Order even being submitted in January of 2023, *id.* at ¶ 7.  Ex. 2 ███████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ |

Based on an email provided by Mountain Voyage, it appears that following Amazon's takedown of the requested ASINs, Mountain Voyage's counsel emailed Amazon requesting reinstatement of the Mountain Voyage ASINs. Ex. 4 at 2.  In so doing, Mountain Voyage's counsel disclosed to Amazon that "[e]ven in our on-going patent litigation with Ridge, Ridge has not alleged patent infringement by any of these deactivated SKUs despite knowledge thereof," and claiming that the "TRO is not applicable to Mountain Voyage" for this reason. Ex. 4 at 2.[2]  It only knew this information because of Ridge's infringement contentions in this case.

Amazon's response on June 18, 2024 indicated that Amazon would reinstate the ASINs and speculated as to the propriety of Ridge's disclosure in view of confidentiality obligations, without having seen any confidentiality designations or (to Ridge's knowledge) the Protective Order itself. *Id.* at 1.

C. **Defendant's Post-Hoc Designations**

On July 3, 2024, Mountain Voyage's counsel provided "supplemental written notice of confidentiality designations" to Mr. Reeves' transcript to Ridge.  Exs. 6, 7.  Whereas Mountain Voyage's original designations identified thirty-three (33) separate, purportedly confidential items in Mr. Reeves' transcript, Mountain Voyage's supplemental designations added one hundred sixty-

---

[2] Ridge did not assert the '808 Patent against Mountain Voyage on Amazon, so Mr. Busch's response is irrelevant.

nine (169) more purportedly confidential items, several of which span pages of the transcript at a time.  Ex. 7.  Upon receipt of the supplemental designations, Ridge requested a meet-and-confer to discuss what it believed were improper supplemental designations. Ex. 6.

The parties met-and-conferred regarding Mountain Voyage's post-hoc supplemental designations on July 16, 2023.  *See* Dkt. No. 67 at Section II.  On the meet-and-confer, Mountain Voyage's counsel cited inadvertence and a misunderstanding of the way the Protective Order applied to testimony as compared to the underlying exhibit as reasons why the supplemental designations were required.[3]

On July 17, Mountain Voyage filed the instant Motion.

## III.    ARGUMENT

Mountain Voyage's Motion appears to be based on two fundamental contentions:  (1) Mountain Voyage contends the Protective Order in this case applies to (and prohibits the use of) public information; and (2) Mountain Voyage contends that Ridge used information Mountain Voyage came to believe was confidential, but that it explicitly did not designate as "Confidential" until *after* Ridge used it.  Neither contention warrants sanctions.

The biggest problem with Mountain Voyage's position is that Ridge was aware of the information about Mountain Voyage's vendor outside of production of information in this litigation:  Mountain Voyage's principal told Ridge's CEO that information by telephone prior to entry of the Protective Order, and Ridge has independently learned the same through its own

---

[3] On July 29, 2024, Ridge's counsel emailed Judge Prose's chambers in accordance with Section VI of the Uniform Civil Practice Standards of the U.S. Magistrate Judges for the District of Colorado summarizing the parties' dispute about the propriety of Mountain Voyage's supplemental confidentiality designations.  The Court set an in-person hearing regarding this dispute for August 19, 2024 at 1:30 pm MT.  Ridge submits that to the extent the Court's calendar permits, it may be efficient for the parties to present arguments on both issues at the same hearing.

communications within the industry unrelated to Mountain Voyage.  Ex. 1 at ¶¶ 5-7.  And as Mountain Voyage concedes in its interrogatory responses, information regarding the relationships of its ASINs on Amazon is ███████████████████████████████████████ ████████████████████████████████████████████  *See* Ex. 3.

This should end the inquiry, as Paragraph 1 (which Mountain Voyage relies on in the Motion), even read in isolation, facially pertains only to all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information disclosed or provided in the above-referenced action (the "Action")."  Dkt. No. 28 at ¶ 1.[4]

If the Court entertains Mountain Voyage's first point above, the public nature of the information contained in the communications to Amazon means that information is not entitled to the protections of the Protective Order; Mountain Voyage's own conduct demonstrates that the Protective Order does not restrict use of information publicly provided in this case.

If the Court entertains Mountain Voyage's second point above, in the best case for Mountain Voyage, its *post hoc* designations are effective as of the date of their designation (July 3, 2024), and sanctions are inappropriate, as any alleged violation occurred before that date.

### A.      The Complained-Of Information is Not Governed By The Protective Order

At a high level, the Protective Order is intended to determine which individuals can see information designated Confidential and/or Highly Confidential. *See, e.g., id.* at ¶¶ 4-5 (defining individuals who may have access to Confidential and/or Highly Confidential Information produced pursuant to the Protective Order). The Protective Order purposefully places no limitations on who

---

[4] Moreover, the fact that the "I" in "Information" is capitalized in Paragraph 1 confirms, consistent with the purpose of the Protective Order," that only Confidential and/or Highly Confidential Information, as defined in and as specifically designated under the Protective Order, is the subject of Paragraph 1.

may see information affirmatively not designated pursuant to its terms. *See, e.g.*, *id.* at ¶ 14 (placing no limitations or notice requirements for a party to produce non-designated information in response to a subpoena).

Paragraph 3 of the Protective Order (Dkt. No. 28) states:

**The protections conferred by this Order <u>shall not extend</u> to any information**:

    (a)    already in the public domain at the time of disclosure to a Receiving Party;

    (b)    that becomes part of the public domain after its disclosure to a Receiving Party as a result of a publication not involving a violation of this Order;

    (c)    already known to the Receiving Party prior to the disclosure; or

    (d)    obtained by the Receiving Party after the disclosure from a source that obtained the information lawfully and under no obligation of confidentiality to the Disclosing Party.

Dkt No. 28 at ¶ 3 (emphasis added).  Thus, Paragraph 3, which confirms that if things become public without nefarious disclosure they are no longer protected by the Protective Order, makes perfect sense in the context of the Protective Order.  And several of the subsections to Paragraph 3 confirm none of the information Mountain Voyage argues was improperly used is entitled to "[t]he protections conferred by this Order."

With regard to the identity of Mountain Voyage's vendor, the attached declaration of Ridge's CEO, Sean Frank, confirms that Ridge was aware of that information before the Protective Order was even entered.  Ex. 1 at ¶ 7.  In addition, Mr. Frank's testimony demonstrates that Ridge itself was aware of this information due to its own explorations of a potential partnership with X-World.  *Id.* at ¶¶ 5-6.  Thus, subsections (c) and (d) of Paragraph 3 of the Protective Order confirm that the information about Mountain Voyage's vendor is not information to which the protections conferred by the Protective Order extend.

Moreover, the information about Mountain Voyage's vendor was not designated as confidential in Mr. Reeves' transcript prior to Ridge discussing it with Amazon; at the time Ridge allegedly used the information in the complained-of ways, that information was not protected by the Protective Order because of at least subsections (a) and (b) of Paragraph 3. *See supra* Chart at Section II.B.

According to the plain language of Paragraph 3 of the Protective Order, the information about Mountain Voyage's vendor is not protected by the Protective Order, and Ridge did not violate the Order at any time.

With regard to the information about the relationships between Mountain Voyage's ASINs, Ridge specifically asked Mountain Voyage to provide an interrogatory response detailing that information. Mountain Voyage did not respond in substance; instead, it stated that the information was publicly available and thus equally available to the parties. Ex. 3. Indeed, Ridge's own internal team has been able to determine the relationship information about Mountain Voyage's ASINs using information available to the public via the Amazon.com platform. Ex. 1 at ¶ 8. Thus, the information about Mountain Voyage's ASIN practice falls into subsections (a) and (d) of Paragraph 3. *See also* Section II.B *supra.* This information is, therefore, not entitled to the protections conferred by the Protective Order.

Unsurprisingly, Mountain Voyage (permissibly) used public information it learned from this litigation, consistent with Paragraph 3, when it told Amazon that Ridge did not allege infringement by certain Mountain Voyage products. Ridge did not, and does not, take issue with the use of that information: it falls outside the protections of the Protective Order at least because of subsection (b) of Paragraph 3; Ridge did not designate its infringement contentions under the Protective Order. The point is, that Mountain Voyage, at the time of the relevant information

exchange, either interpreted the Protective Order consistently with the way Ridge does now or violated its own read of the Protective Order in the same way it alleges Ridge has in its Motion. The logical conclusion here is that the Parties were both reading the Protective Order (correctly) in the same way in the first instance.

### B.   Mountain Voyage's Extensive, Post Hoc Designation of its Principal's Deposition Transcripts Confirms that Sanctions Are Not Warranted

Even if this Court credits Mountain Voyage's re-do of its designations of the transcript of Joseph Reeves from July 3, 2024 (it should not, as will be explored in the parties' pending discovery dispute),[5] the fact that Mountain Voyage substantially increased the volume of its designations more than four (4) months after its initial designations confirms that Ridge was justified in acting as if the February 16, 2024, designations governed until Mountain Voyage put it on notice that it believed those designations were incorrect.

On February 16, 2024, Mountain Voyage designated thirty-three (33) pieces of the transcript of Mr. Reeves.  Ex. 2.  It did so quite thoroughly and specifically throughout the entirety of the transcript, and the letter conveying the confidentiality designations is signed by both of Mountain Voyage's attorneys of record here (one in-house, one at an outside law firm).  *Id.*  That is, Mountain Voyage's counsel was careful in its review of the transcript, and Ridge was more than justified in relying on that care.

On July 3, 2024, Mountain Voyage submitted a "supplemental" set of designations, identifying one hundred sixty-nine (169) *additional* passages, oftentimes in chunks of multiple

---

[5] The fact that Mountain Voyage filed its Motion and all exhibits thereto (in which Mountain Voyage contends Ridge discloses Mountain Voyage's supposed confidential information to a third party) publicly begs the question as to how Mountain Voyage can plausibly contend its supplemental confidentiality designations are proper.  It also again renders this material no longer entitled to the protections extended by the Protective Order per Paragraph 3 sub-sections (b) and (d).

pages at a time, of the deposition transcript of Mr. Reeves. Ex. 7. The "supplemental" set of designations was again signed by Mountain Voyage's same in-house and outside counsel. The propriety of that supplementation aside, the fact that Mountain Voyage submitted supplemental designations at all confirms that Ridge was justified in relying on the initial designations at least up until the point it became aware of Mountain Voyage's attempt to bring previously un-protected material into the purview of the Protective Order.

Mountain Voyage's supplemental designations make indisputable the fact that all of the information addressed in the Motion was derived from the public record as of the time Ridge conveyed it. *See supra* Section II.B. And since all of the action that Mountain Voyage complains about in the Motion occurred after February 16, 2024 but before July 3, 2024 (i.e., between the pair of designations of Mr. Reeves' transcript), Ridge's conduct in any case cannot have been sanctionable.

## IV. CONCLUSION

This Court should deny Mountain Voyage's Motion for Sanctions and find that the Ridge did not violate the Protective Order at any time. In the event Mountain Voyage's post hoc designations are deemed effective, they are evidence that at the time of the complained-of disclosures, Ridge did not knowingly disclose confidential information, meaning that sanctions are not warranted.

Dated: July 31, 2024                        Respectfully Submitted,

                                             /s/ Benjamin E. Weed
                                            Benjamin E. Weed
                                            Gina A. Johnson
                                            **THE RIDGE WALLET LLC**
                                            104 Main Street, 2C
                                            Park Ridge, IL 60068

Ben@ridge.com
Gina@ridge.com

George C. Summerfield
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
George.Summerfield@klgates.com

Caroline M. Vermillion
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3987
Fax: (212) 536-9001
Caroline.Vermillion@klgates.com

Aurora Temple Barnes
CO Bar No. 52677
**K&L GATES LLP**
1711 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5627
Aurora.Barnes@klgates.com

*Attorneys for Plaintiff The Ridge Wallet LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, a copy of the foregoing PLAINTIFF, THE RIDGE WALLET LLC'S RESPONSE IN OPPOSITION TO DEFENDANT, 2985, LLC D/B/A MOUNTAIN VOYAGE COMPANY, LLC'S MOTION FOR SANCTIONS was electronically filed with the Clerk of the Court using the CM/ECF system.  A copy of the same was delivered by the CM/ECF system to all counsel of record.

 /s/ Benjamin E. Weed